```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                       CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| NANCY KINDER, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-234-JMH |
| ) | |
| v. ) | |
| ) | |
| CENTRAL BANK AND TRUST COMPANY, ) | |
| ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. ) | |

```
              **    **    **    **    **
```

This matter is before the Court upon Plaintiff's Motion for Class Certification [DE 14]. Defendant has filed a Response [DE 16], stating its opposition to the motion, and Plaintiff has filed a Reply [DE 17], as well as a Motion for Discovery on Class Certification Issues [DE 18]. The Court is adequately advised with respect to both Motions and considers them ripe for disposition.

**I.    BACKGROUND**

As alleged in her Complaint [DE 1], Plaintiff Nancy Kinder conducted transactions at two different ATM machines operated by Defendant Central Bank and Trust Company ("Central Bank") on May 10, 2011. She did not, at that time, maintain any accounts with Defendant. The ATMs were located at 101 Brenwood Street, Berea, Kentucky, and 350 West Main Street, Richmond, Kentucky. She avers that she was charged a fee of $2.50 in connection with each of these transactions but that no notice of the fee to be imposed for using the ATM was posted "on or at" either ATM.

She argues that the absence of a notice "on or at" these ATMs

was a violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, which requires any ATM operator who imposes fees on consumers in connection with electronic fund transfers to provide notice of the fact that the fee is being imposed and the amount of the fee.  15 U.S.C. § 1693b(d)(3)(A).

Section 1693b(d)(3)(B)(ii) and (ii) provide that the notice must be posted "on or at" the machine "in a prominent and conspicuous location . . . at which the electronic fund transfer is initiated by the consumer" and "on the screen of the automated teller machine, or on a papers notice issued from such a machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction."  *See also* 12 C.F.R. § 205.16(c)(1) and (2).  If notice is not provided to the consumer as required in 15 U.S.C. § 1693b(d)(3)(A) and described in § 1693b(D)(3)(B), "[n]o fee may be imposed . . . in connection with any electronic fund transfer initiated by a consumer."  Pursuant to 15 U.S.C. § 1693m, she requests statutory damages, costs, and the payment of a reasonable attorney's fee.  *See* 15 U.S.C. § 1693m(a)(1)-(2)(A) (providing for either actual or statutory damages in amounts between $100 and $1,000 available for individual violations); 15 U.S.C. § 1693m(a)(2)(B) (providing for statutory damages of up to $1,000 per class member with a cap of the lesser of $500,000 or one percent of the net worth of defendant in a class action).

Plaintiff now asks that the Court certify a class pursuant to Fed. R. Civ. P. 23(b)(3) and permit her to proceed as the representative of a class, as follows:

> All persons who: 1) were charged a "terminal owner fee" at an ATM operated by Defendant when such persons made an electronic fund transfer and/or balance inquiry where, 2) no notice indicating that such fee was to be charged was posted on the outside of the ATM machine.

[DE 1, Compl. ¶ 20.] She argues that she should be permitted to represent the interests of all consumers who used thirty-four ATMs operated by Defendant with respect to transaction fees charged where the required notice was not posted. She seeks, as well, an opportunity to conduct discovery on class certification issues. For the reasons which follow, these motions shall be denied.

**II. DISCUSSION**

**A. Plaintiff's Motion for Class Certification**

Fed. R. Civ. P. 23(a) provides as follows:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the

3

interests of the class.

If the threshold criteria of Rule 23(a) are met, the plaintiff must then show that an action may be maintained under Fed. R. Civ. P. 23(b). Kinder requests class certification in this instance under Fed. R. Civ. P. 23(b)(3) which provides for certification where:

> . . . the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

In making this finding, the Court considers:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

This Court will not consider the merits of Kinder's claims in assessing her motion for class certification, but Kinder bears the burden of establishing each prerequisite in order to obtain certification. *Senter v. Gen. Motors Corp.* 532 F.2d 511, 522 (6th

Cir. 1976). Having considered Kinder's motion carefully, it will be denied because the class proposed by Plaintiff fails to meet the commonality and typicality requirements of Fed. R. Civ. P. 23(a).[1]

Plaintiff proposes a class made up of every individual who has used one of thirty-four ATMs allegedly operated by Central Bank during the time period from July 23, 2010, to July 22, 2011, and who was charged a fee. Plaintiff has made, however, no averment that she visited any of the ATMs, other than the two described in her Complaint, or that any ATM other than the two identified in her Complaint lacked the posted notice on the date that she used them. Thus, she does not aver a common set of facts with respect to the absence of notice or the assessment of transaction fees at the 32 ATMs belonging to defendant because Plaintiff never used those 32 ATMs during the period identified. *See, e.g., Polo v. Goodings Supermarkets, Inc.*, 232 F.R.D. 399, 406 (M.D. Fla. 2004) (concluding that certification of class was inappropriate because fact issues were not common to all proposed members where not all proposed members used same ATM as plaintiff within same time period). *Cf. Hart v. Guardian Credit Union*, 2:10-CV-855, 2011 WL 2434201 (M.D. Ala. June 16, 2011) (certifying class of all persons charged fee for use of two ATMs where plaintiff alleged that he was

---

[1] Having concluded that Kinder does not meet the requirements of commonality and typicality, the Court need not and will not reach the issues of numerosity or her adequacy to represent and protect the interests of the proposed class.

wrongly charged a fee); *Flores v. Diamond Bank*, No. 07-C-6403, 2008 WL 4861511 (N.D. Ill. Nov. 7, 2008) (certifying class of all persons charged fee for use of one of defendant's ATMs); *Burns v. First Am. Bank*, No. 04-C-7682, 2006 WL 3754820 (N.D. Ill. Dec. 19, 2006) (certifying class defined as all persons using two of defendant's ATMs); *Riviello v. Tobyhanna Army Depot Fed. Credit Union*, 3:11-cv-59, 2011 WL 3439215 (M.D. Pa. Aug. 5, 2011)(denying motion to dismiss class allegations where class was defined as those persons using one of defendant's ATMs). Nor has she alleged that Central Bank "systematically failed to post proper disclosures at its various machines or had a policy of doing so," which might support a finding of commonality. *Polo*, 232 F.R.D. at 406 (M.D. Fla. 2004) (citing *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986); *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2011)).

To reach the conclusion that Plaintiff's claim has the requisite commonality with those potential claims of other members of the proposed class, this Court would have to assume what she never purports to have experienced and what is not averred in the complaint – that the other 32 ATMs were operated by Defendant without the required notice posted on or at the machine and that fees were charged to customers who visited those ATMs. This Court declines to do so.

For the same reason, the Court is not persuaded that Plaintiff

can demonstrate that her claim is typical of the experience of the large swathe of customers for which she wishes to serve as a representative. As taught in *Beattie v. CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007):

> "A claim is typical if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). In *Sprague*, the Court explained that "[t]ypicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." [*Sprague v. Gen. Motors Corp.*,] 133 F.3d [388,] 399 [(6th Cir 1998) (en banc)] (citing In re Am. Med. Sys., Inc., 75 F.3d at 1082). On the other hand, the *Sprague* Court explained, the typicality requirement is not satisfied when a plaintiff can prove his own claim but not "necessarily have proved anybody's else's claim." *Id*. Lastly, for the district court to conclude that the typicality requirement is satisfied, "a representative's claim need not always involve the same facts or law, provided there is a common element of fact or law." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 525 n. 31 (6th Cir. 1976).

511 F.3d 554, 561 (6th Cir. 2007).

Here, assuming that Plaintiff can prove that she was injured because she was charged a transaction fee in the absence of posted notice at the two ATMs visited, then she could also prove that anyone else who used those two ATMs within the same period was injured if those persons were also charged a transaction fee.

There would be a common element of fact and law as it relates to the use of those two particular ATMs. Her claim would not, however, be typical of anyone using the other 32 ATMs reportedly operated by Defendant.

Plaintiff has failed to bear the burden of proof on the issue of commonality and typicality. Accordingly, the Court declines to certify the proposed class. Much as in *Polo*, the question of whether Defendant complied with the notice requirements of EFTA is not susceptible to class-wide proof as the class is proposed. If Defendant failed to comply with the EFTA's notice requirement at the ATMs visited by Plaintiff on any given date, it would demonstrate nothing with respect to whether Defendant met the notice requirement at any other ATM that it operated on any particular date. Similarly, a demonstration that Defendant failed to comply with EFTA's notice requirement at another ATM on any given date – other than at the ATMs visited by Plaintiff on or about the date that she visited them – would not dispose of the same issue as to Plaintiff. Answering the common question for Kinder would not determine the issue with respect to other putative class members if the Court certified the class proposed. The Court declines to certify the class in the absence of the required commonality and typicality.

### B. Plaintiff's Conditional Motion for Discovery on Class Certification Issues

Plaintiff also asks this Court to permit discovery on class certification issues prior to ruling on the motion to certify the class – if it is inclined to deny her motion to certify the class. Discovery will not be necessary as Plaintiff's Complaint provides the Court with sufficient information upon which to base its decision with respect to certification. While Plaintiff may be able, as she suggests, to demonstrate upon discovery that other ATMs operated by Defendant lacked notice of fees to be charged to consumers, it will not change the fact that she does not aver that she ever visited those ATMs or was charged a fee for any transaction at those other ATMs. No discovery is, therefore, called for before this Court evaluates her motion for certification. *Cf. Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (explaining that "often the pleadings alone will not resolve the question of class certification and... some discovery will be warranted"); *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("In some instances the propriety *vel non* of class certification can be gleaned from the face of the pleadings," while, at other times, discovery is necessary because "the parties' pleadings alone are . . . not sufficient to establish whether class certification is proper."); *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir. 1996) (holding that

certification of class was improper without further inquiry into whether commonality and typicality existed with respect to claims of injury by a number of different of penile implants as averred by named plaintiffs).

**III. CONCLUSION**

Accordingly, for all of the reasons stated above, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Class Certification [DE 14] is **DENIED;**

(2) that Plaintiff's Motion for Discovery on Class Certification Issues [DE 18] is **DENIED.**

This the 24th day of October, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge